

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PRENTISS IVORY DAVIS,

        Plaintiff,

v.

        No. CIV 04-422 BB/LFG
        No. CR 98-617 BB

UNITED STATES OF AMERICA,

        Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

### Introduction

This is a *pro se, informa pauperis* civil rights action brought under 42 U.S.C. § 1983 by Plaintiff Prentiss Ivory Davis ("Davis"). Davis is presently in the United States Penitentiary in Atlanta, Georgia ("USP Atlanta"). [Doc. Nos. 1, 20.]

On April 16, 2004, Davis filed a "Request for Evidentiary Hearing and Motion for Return of Property." [Doc. No. 1.] In this § 1983 proceeding, Davis argues that the government owes him a total of $1733.66, consisting of monies that he overpaid for purposes of restitution in the related criminal proceeding and monies that were continued to be collected from him after he had satisfied his restitution.[2] On August 31, 2004, the United States filed a response [Doc. No. 16], after the

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] *See* Libretti v. Wyoming Attorney General, 60 Fed. Appx. 194, 2003 WL 356786 (10th Cir. Feb. 19, 2003) (although proceeding was unsuccessful, inmate permitted to bring § 1983 civil rights suit regarding sum of money that was seized by the government that the inmate claimed belonged to him).

1



Court ordered the government to show cause why default should not be entered in favor of Davis since the government failed to respond to Davis' initial motion, even after being given an extension of time. [Doc. Nos. 9, 13.]

Between the time Davis filed his § 1983 complaint and the government filed its response, Davis filed several other pleadings. On July 13, 2004, Davis filed a "Motion of Inquiry and Motion to Compel," [Doc. No. 11], that questions whether he is receiving all of the mail and/or pleadings related to this proceeding that this Court purportedly sent to him at USP Atlanta. Also, on July 13, 2004, Davis filed a "Motion for Order of Injunction," [Doc. No. 12], asking this Court to issue an Order stopping any collection of additional payments of restitution/fines from Davis by USP Atlanta until this § 1983 proceeding is resolved. In addition, Davis submitted to the Court some documentation of payments he made while incarcerated at the USP in Atlanta. [Doc. No. 2.]

Because the Court needed additional information before issuing its recommended findings and disposition, it required the government to submit a Martinez report regarding several issues Davis raised in his complaint. The Martinez report was filed on February 23, 2005. [Doc. No. 20.] Davis had thirty days within which to file a response to the Martinez report, but did not do so.[3] The Court has carefully considered all of the above-mentioned pleadings attachments in making its findings and recommended disposition.

---

[3]The Order directing the government to submit a Martinez report advised Davis that the report could be used for purposes of granting summary judgment in favor of the government and that Davis would be given a 30-day opportunity to respond to the report and provide conflicting evidence, should such evidence exist. [Doc. No. 17.]

## Factual Background

On July 19, 1999, the Honorable Bruce Black sentenced Davis in No. CR 98-617 BB. Davis was ordered to pay a special penalty assessment of $600.00 and restitution in the total amount of $3,508.39 to two different payees: $2,262.68 to Simon Rodriguez, and $1,245.71 to Capital One Visa. [*See* No. CR 98-617, Doc. No. 64.] In the Martinez report, the United States explains that Davis began paying restitution, prior to being incarcerated in USP Atlanta and continued to make payments during his period of incarceration. [Doc. No. 20.] The government further admits that Davis is correct in claiming that he paid restitution in excess of the amount ordered. [Id.]

Davis satisfied the special penalty assessment of $600.00. [Id.] He also paid the full amount of restitution owed to the estate of Simon Rodriguez, $2,262.68. [Id.] Due to an administrative mix-up, the government overpaid Mr. Rodriguez's estate by a sum of $776.38. Had the mix-up not occurred, the restitution to Capital One Visa, $1,245.71 would have been paid in full at an earlier date. However, due to the mix-up and delays in obtaining the return of the overpayment from the estate of Simon Rodriguez, a balance of $229.51 is still owed to Capital One Visa. [Id.] The government calculates that Davis is due to a reimbursement of $828.70 for excess restitution payments made ($776.38 that was overpaid to the Rodriguez estate plus $281.83 in payments received from Davis in 2005, less the sum of $229.51 still owed to Capital One).

In responding to the questions set forth in the Order directing submission of the Martinez report, the government explained that Davis' Unit Manager at USP Atlanta, Christopher Colvin, is authorized to direct that no additional restitution payments be removed from Davis' account at USP Atlanta and to direct that reimbursement be made to Mr. Davis. Mr. Colvin submitted an affidavit stating that no further restitution payments would be made from Davis' account, effective February

10, 2005. [Doc. No. 20, attachments.] Further, Ruth Willett, Criminal Debt Specialist for the United States District Court in the District of New Mexico, supplied an affidavit stating that once the final disbursement of $229.51 is made to Capital One, Davis will be forwarded a U.S. Treasury check in the amount of $828.70. Thus, the Court recommends that Davis' claim for reimbursement of $828.70 be granted and that his request that all additional payments for restitution cease (as of February 10, 2005) be granted.

To the extent that Davis claims he should receive additional reimbursement, in excess of the sum of $828.70, the Court finds that Davis is not entitled to reimbursement of any monies that he was in possession of when he was arrested that exceed the restitution and fees owed. This is true because in the plea agreement, Davis expressly forfeited any interest he may have had "in any asset derived from or used in the commission of the offenses in this case." [Doc. No. 45, No. CR 98-617.] *See* United States v. $14,344.50 in U.S. Currency, 49 Fed. Appx. 207, 2002 WL 31243861 (10th Cir. Oct. 7, 2002) (a defendant may surrender his claims to seized property by assenting to a forfeiture provision included in a plea agreement); *see also* Libretti, 2003 WL 356786 (defendant gave up any right he had to money at issue in his plea agreement). Here, Davis failed to show that any monies in his possession at the time of arrest were not derived from or used in the commission of the offenses at issue, nor why the language in his plea agreement should not control. Thus, the Court recommends denial of Davis' claim for restitution of any monies that exceed the sum of $828.70.

With respect to Davis' motion for order of injunction related to his allegation that he is not receiving mail from the Court regarding this proceeding, the Court recommends denying this claim. There is no evidence to support the claim.

4

## Recommended Disposition

For the above-stated reasons, this Court recommends that Plaintiff Prentiss Ivory Davis' Request for Evidentiary Hearing and Motion for Return of Property [Doc. No. 1] be GRANTED to the extent that Davis is reimbursed $828.70 and that no further payments for restitution be made from Davis' account at USP Atlanta. As to all other claims set forth in Davis' pleadings [including in Doc. Nos. 11 and 12], the Court recommends that they be denied, with prejudice, and further that this matter be dismissed, with prejudice.

Lorenzo F. Garcia
Chief United States Magistrate Judge